1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

AL-HARETH AL-ALBUSTANI,                          CASE NO. C22-5238JLR

11                          Plaintiff,                    ORDER

                v.
12

13      SEAN B. ALGER, et al.,

                          Defendants.
14

15                      **I.      INTRODUCTION**

16          Before the court is Plaintiff Al-Hareth Al-Bustani's[1] motion for leave to file an

17      amended complaint.  (Mot. (Dkt. # 38); *see also* Mot. at 6-28, Ex. 1 ("Prop. Am.

18      Compl."); Reply (Dkt # 40).)  Defendant Sloan Bella, proceeding *pro se*, filed a response

19

20

21          ───────────────────────
                [1] In prior filings, Plaintiff was identified as Al-Hareth Al-Albustani.  Plaintiff's amended
22      complaint seeks to correct the spelling of his name to "Al-Hareth Al-Bustani."  (*See* Prop. Am.
        Comp.)  Accordingly, the court will refer to Plaintiff using the corrected spelling of his name.

ORDER - 1

1    to the motion, seeking dismissal.  (Resp. (Dkt. # 39).)[2]  The court has considered the

2    parties' submissions, the relevant portions of the record, and the governing law.  Being

3    fully advised, the court GRANTS Mr. Al-Bustani's motion to amend his complaint.

4                               **II.    BACKGROUND**

5            In this case, Mr. Al-Bustani alleges that Defendants have used the likeness of his

6    deceased wife, Tracy Twyman, without authorization and made allegedly false and

7    defamatory statements about the circumstances surrounding her death.  (*See* Compl. (Dkt.

8    # 1); *see also* 8/9/22 Order (Dkt. # 35) (detailing Mr. Al-Bustani's allegations).)

9            On July 11, 2022, Ms. Bella moved to dismiss Mr. Al-Bustani's claims against

10   her.  (MTD (Dkt. # 12).)  The court granted the motion in part, dismissing Mr.

11   Al-Bustani's claim against Ms. Bella under the Washington Personality Rights Act

12   ("WPRA") without prejudice for failure to adequately allege facts in support of the claim.

13   (*See* 8/9/22 Order at 9-12, 18.)  The court granted Mr. Al-Bustani leave to submit an

14   amended complaint by August 30, 2022 if he wished to cure deficiencies in his WPRA

15   claim.  (*Id*. at 18.)

16          Mr. Al-Bustani now moves to amend his complaint in order to:  (1) add factual

17   allegations in support of his WPRA claim against Ms. Bella, consistent with the court's

18   August 9, 2022 order; (2) add factual allegations in support of his WPRA claims against

19   Defendants other than Ms. Bella; (3) correct legal names for various Defendants; (4)

20

21          [2] Although Ms. Bella describes her filing as a motion to dismiss (*see* Resp. at 1), the court
     construes her filing as a response to Mr. Al-Bustani's motion to amend.  Ms. Bella may move to
22   dismiss Mr. Al-Bustani's amended complaint after that complaint has been filed.

correct Plaintiff's own legal name; (5) add as a Defendant Sun Audio Networks, LLC d/b/a G Networks; (6) add as a Defendant James Maiden; and (7) remove allegations relating to dismissed parties.  (*See* Mot. at 2-3; *see generally* Prop. Am. Compl.)

## III.   ANALYSIS

The court sets forth the relevant legal standard before discussing Mr. Al-Bustani's motion for leave to file an amended complaint.

### A.   Legal Standard

Pursuant to Federal Rule of Civil Procedure 15(a)(2), courts should "freely give leave" to amend a pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[T]his policy is to be applied with extreme liberality."  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

Courts use five factors to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the party has previously amended its pleading.  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (citing *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that leave to amend should be "freely given.").  Not all of these factors are weighted equally.  "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *DCD Programs*, 833 F.2d at 185).  "The party opposing

1    amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187

2    (citing *Beeck v. Aqua-slide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977)).

3        **B.    Leave to File an Amended Complaint**

4        Mr. Al-Bustani seeks to amend his complaint to add factual allegations supporting

5    his claims, name newly identified defendants, and correct misspelled names or otherwise

6    inaccurate names.  Although Ms. Bella opposes Mr. Al-Bustani's motion, she does not

7    argue that his amendments are in bad faith, futile, or would cause either undue delay or

8    prejudice to her.  (*See generally* Resp.); *Allen*, 911 F.3d at 373; *DCD Programs*, 833 F.2d

9    at 187.  Instead, Ms. Bella opposes Mr. Al-Bustani's motion by disputing factual

10   allegations in the original complaint and invoking the State of Washington's "Anti-Slapp

11   Law" [sic] as a defense to liability for her speech on the Ground Zero Show.  (*See* Resp.

12   at 1-2.)  To the extent Ms. Bella asks the court to deny Mr. Al-Bustani's motion with

13   respect to his proposed changes to the factual allegations supporting his WPRA claim

14   against her, Ms. Bella's motion is moot, as the court already granted Mr. Al-Bustani

15   leave to amend his complaint to add such allegations.  (*See* 8/9/22 Order at 18 (granting

16   Mr. Al-Bustani leave to amend his WPRA claim).).  Ms. Bella does not address the

17   remaining amendments Mr. Al-Bustani proposes (*See generally* Resp.)

18       Accordingly, the court finds that Ms. Bella has not made the requisite showing to

19   oppose Mr. Al-Bustani's motion and GRANTS Mr. Al-Bustani's motion for leave to file

20   an amended complaint.  *See DCD Programs*, 833 F.2d at 187 (noting the opposing party

21   bears the burden of showing prejudice).

22

# IV.   CONCLUSION

The court GRANTS Mr. Al-Bustani's motion to amend his complaint (Dkt. # 38). The court DIRECTS the clerk to correct the caption to reflect the proper spelling of Mr. Al-Bustani's name.

Dated this 20th day of September, 2022.

JAMES L. ROBART
United States District Judge