UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AL-HARETH AL-BUSTANI,<br><br>Plaintiff,<br><br>v.<br><br>SEAN B. ALGER, et al.,<br><br>Defendants. | CASE NO. C22-5238JLR<br><br>ORDER |

## I.   INTRODUCTION

Before the court is Defendant Gen Media Partners LLC's ("Gen Media") motion to dismiss Plaintiff Al-Hareth Al-Bustani's second amended complaint.  (MTD (Dkt. # 97); Am. Reply (Dkt. # 102).)  Mr. Al-Bustani opposes the motion.  (Resp (Dkt. # 100).)  The court has reviewed the parties' submissions, the relevant portions of the

ORDER - 1

record, and applicable law. Being fully advised,[1] the court GRANTS Gen Media's motion.

## II. BACKGROUND

Mr. Al-Bustani's claims against Gen Media arise from its relationship with Defendant Louis Clyde Holder,[2] whom Mr. Al-Bustani accuses of direct copyright infringement. (*See* 2d Am. Compl. (Dkt. # 94) ¶¶ 34-37, 62-71.[3]) Mr. Holder hosts a nationally syndicated radio program, *Ground Zero* (the "Ground Zero Show"). (*Id.* ¶ 34.) Mr. Al-Bustani's late wife, Tracy Twyman, an author and media personality, was a frequent guest on the Ground Zero Show. (*Id.* ¶¶ 24-25.) In addition to hosting the Ground Zero Show, Mr. Holder maintains a page on the website Aftermath Media (the "Website"). (*Id.* ¶¶ 38, 42-43.) According to Mr. Al-Bustani, the Website "bills itself as 'the Official Digital Playground for Ground Zero with Clyde Lewis' and a paid membership is required in order to access the content." (*Id.* ¶ 38.) Mr. Al-Bustani alleges that after Ms. Twyman died, Mr. Holder posted links to PDF copies of some of her written works (the "Works") on the Website. (*See id.* ¶ 38.) Mr. Al-Bustani alleges that the Works are subject to copyright protection, and that Mr. Holder uploaded the

---

[1] Gen Media requests oral argument (*see* Mot. at 1), but the court has determined that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[2] Both parties refer to Defendant Louis Clyde Holder by his alias, Clyde Lewis. (*See* 2d Am. Compl.; MTD.) For clarity, the court refers to Mr. Holder by his legal name. (*See* Dkt.)

[3] The court detailed the factual background of this case in its August 9, 2022 order and does not repeat that background here. (*See* 8/9/22 Order (Dkt. # 35).) Instead, the court discusses only the factual and procedural background relevant to the instant motion.

Works for his paid subscribers to access without Ms. Twyman's authorization. (*Id.* ¶¶ 26, 38; *see also id.* ¶ 1 (asserting that Mr. Al-Bustani is registered as the Claimant of the Works).)

Mr. Al-Bustani alleges that Gen Media is the parent company to Sun Audio Networks, LLC ("Sun Audio"), which was responsible for marketing and licensing the Ground Zero Show to radio stations. (*Id.* ¶¶ 39, 41, 44.) Sun Audio first entered a "Sales and Affiliation Agreement" with Mr. Holder on March 27, 2019. (*Id.* ¶ 39 Ex. B (the "Agreement").[4]) In relevant part, the Agreement provided that Mr. Holder (referred to as "Owner") would "develop, host and produce the Shows," and was "responsible for the day to day management of the staff and process to distribute the Shows for broadcast, including . . . websites." (Agreement § 3(a)-(b).) Sun Audio and Mr. Holder mutually represented in the Agreement that, "no material furnished about the Shows or promotional materials[] will infringe upon the rights of any third party, including but not limited to copyright, trademark, and rights of privacy." (*Id.* § 9(b).) The Agreement further provided that either party could terminate the Agreement "for cause," which included any "material violation of law" or "breach of either part[y's] obligations under this agreement." (*Id.* § 8(b).) The Agreement was effective between May 1, 2019, and December 31, 2020. (*Id.* § 8(a).)

---

[4] The court considers the Agreement because it is attached to the second amended complaint. *See, e.g.*, *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (noting that a court may consider documents attached to the complaint on a 12(b)(6) motion to dismiss); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Mr. Al-Bustani alleges that the Website "acted as a draw and created a wider audience for the [Ground Zero] Show[], which, in turn, resulted in increased revenues." (2d Am. Compl. ¶ 43.) The allegedly increased revenues, Mr. Al-Bustani asserts, created "an economic incentive for Sun [Audio] to tolerate [Mr. Holder's] infringing conduct (without paying licensing fees to Plaintiff) and a direct financial benefit for Sun [Audio]." (*Id.*) According to Mr. Al-Bustani, Sun Audio "could have terminated the Agreement, thereby leaving [Mr. Holder] without the means and ability to reach the broad audience the Agreement had allowed him to reach, but Sun [Audio] chose instead to tolerate the infringement on the Website until late 2020" when the parties' relationship ended. (*Id.*)

Mr. Al-Bustani filed the instant action on April 11, 2022, and named Gen Media as a defendant in an amended complaint filed September 22, 2022. (*See* Compl. (Dkt. # 1); FAC (Dkt. # 44).) On Gen Media's motion to dismiss Mr. Al-Bustani's first amended complaint, the court dismissed with prejudice each of Mr. Al-Bustani's claims against Gen Media, but dismissed without prejudice Mr. Al-Bustani's claim for vicarious copyright infringement. (*See* 2/6/23 Order (Dkt. # 91) at 20-21.) Mr. Al-Bustani filed a second amended complaint with leave of the court. (*See id.*; *see also* 2d Am Compl.) Gen Media now moves to dismiss Mr. Al-Bustani's amended claim for vicarious copyright infringement with prejudice. (MTD at 2.)

### III.   ANALYSIS

The court first reviews the legal standard for a motion to dismiss before turning to Gen Media's motion. The court then determines whether leave to amend is appropriate.

### A. Legal Standard for a Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under this standard, the court construes the complaint in the light most favorable to the nonmoving party, *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005), and asks whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is not, however, required to accept as true legal conclusions or "formulaic recitation[s] of the legal elements of a cause of action," *Chavez v. United States*, 683 F.3d 1102, 1008 (9th Cir. 2012), or "allegations that are merely conclusory, unwarranted deductions of fact," *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B. Whether Mr. Al-Bustani Fails to State a Claim for Vicarious Copyright Infringement

"Vicarious infringement occurs when one profits from direct infringement while declining to exercise a right to stop or limit" the directly infringing activity. *Ludvarts, LLC v. AT & T Mobility, LLC*, 710 F.3d 1068, 1071 (9th Cir. 2013) (citing *Metro-Goldwyn-Meyer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005)). A plaintiff must therefore plausibly plead the predicate claim for direct infringement in

order to survive a motion to dismiss his vicarious infringement claim. *See, e.g.*, *Grokster*, 545 U.S. at 930.[5]

Once the plaintiff has established direct infringement, he must plausibly allege that "the defendant has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 802 (9th Cir. 2007) (citing *Ellison v. Robertson*, 357 F.3d 1072, 1078 (9th Cir. 2004)). To establish the first element, the plaintiff must plausibly allege that the defendant has the practical ability to stop the infringing conduct. *See id*. For instance, in *Perfect 10, Inc. v. Visa International Service Ass'n*, the Ninth Circuit rejected an argument that credit card companies could be vicariously liable for the infringing activities of merchants who used their services. *Visa Int'l*, 494 F.3d at 802-06. There, the plaintiff argued that the credit card companies "provide a system that allows the business of infringement for profit to operate on a larger scale than it otherwise might, and [the credit card companies have] the ability to deny users access to [their] payment system." *Id*. at 803. The Ninth Circuit concluded that Visa's options to refuse to process credit card payments to the infringing merchant or threaten to do so if the merchant fails to cease infringing conduct were not enough to establish "the right and ability to *supervise* and *control* the infringement, not just affect it." *Id*. (emphasis in original). The

---

[5] A plaintiff establishes a prima facie case of direct infringement by demonstrating (1) ownership of the allegedly infringed material and (2) that the alleged infringers violated at least one exclusive right granted to copyright holders. *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001); *see also* 17 U.S.C. § 106 (defining a copyright holder's five exclusive rights as to reproduce, prepare derivatives of, distribute copies of, perform, and display the copyrighted work).

defendant's "mere ability to withdraw a financial 'carrot,'" the Court concluded, "does not create the 'stick' of 'right and ability to control' that vicarious infringement requires." *Id.*

Solely for the purpose of ruling on this motion, the court assumes without deciding that Mr. Al-Bustani has established his predicate claim of direct copyright infringement based on Mr. Holder's posts to the Website. The court analyzes whether Mr. Al-Bustani has plausibly pled his vicarious copyright infringement claim.

Gen Media asserts that Mr. Al-Bustani has failed to plausibly allege a claim for vicarious copyright infringement because Mr. Al-Bustani has not established that Gen Media exerted the requisite supervision and control over Mr. Holder and the Website. (MTD at 6-9.) Gen Media argues that Mr. Al-Bustani's allegation that the Agreement gave Gen Media the right to control or supervise Mr. Holder's activities (*see* 2d Am. Compl. ¶ 43) does not plausibly state a claim for relief (MTD at 7). Gen Media analogizes the present case to *Perfect 10, Inc. v. Amazon.com*, 508 F.3d 1146 (9th Cir. 2007), in which the Ninth Circuit determined that Google's right to terminate its contracts with third-party websites for violating others' copyrights did "not give Google the right to stop direct infringement by third-party websites." (*Id.* (citing 508 F.3d at 1173-74).) In support of this conclusion, the Court noted "[a]n infringing third-party website can continue to reproduce, display, and distribute its infringing copies of Perfect 10 images after its [relationship with Google] has ended." *Amazon.com*, 508 F.3d at 1174. Gen Media notes that here, the allegedly infringing material remained on the Website after Gen Media's relationship with Mr. Holder concluded in December 2020. (MTD at 8.)

Mr. Al-Bustani responds by urging the court to disregard *Amazon.com* and *Visa International*'s requirement that a plaintiff must allege more than that the defendant could terminate its contract with an infringing party to establish the defendant's requisite degree of supervision and control. (*See* Resp. at 7-10.) Mr. Al-Bustani asserts that two unpublished decisions from the Southern District of Florida "indicate a shift in the law," and argues that these cases require only evidence of a defendant's right to withhold compensation from an infringing party to satisfy the first element of a vicarious copyright infringement claim. (*Id*. at 8-9 (first citing *UMG Recordings, Inc. v. Vital Pharm.*, CASE NO.: 21-cv-60914-CIV-DIMITROULEAS/SNOW, 2022 WL 2670339, at *10-11 (S.D. Fla. July 11, 2022); and then citing *Sony Music Entm't v. Vital Pharm., Inc.*, CASE NO. 21-22825-CIV-DIMITROULEAS, 2022 WL 4771858, at *12 (S.D. Fla. Sept. 14, 2022)).) In light of the weight of binding authority holding that a right to terminate an agreement, without more, is not enough to establish the requisite degree of control, the court declines to adopt the conclusions reached in *Sony Music* and *UGM Recordings*.[6]

The court agrees with Gen Media that Sun Audio's Agreement with Mr. Holder gave Gen Media only the "mere ability to withdraw a financial 'carrot,'" which "does not create the 'stick' of 'right and ability to control' that vicarious infringement requires."

---

[6] Regardless, *UGM Recordings* and *Sony Music* are distinguishable. In both cases, the defendant accused of vicarious copyright infringement audited the allegedly infringing content before its contractors published the content; the defendant therefore had not only "the legal right" but also "the practical ability" to stop its contractors from publishing infringing content. *Sony Music*, 2022 WL 4771858, at *12; *see also UMG Recordings*, 2022 WL 2670339, at *9 (describing auditing process). Here, by contrast, Mr. Al-Bustani does not allege that Gen Media or its subsidiary had the authority to review Website content prior to publication. (*See generally* 2d Am. Compl.; Resp.)

*Visa Int'l*, 494 F.3d at 803.  The fact that the allegedly infringing material remained on the Website after Gen Media's relationship with Mr. Holder concluded further undermines Mr. Al-Bustani's argument that Gen Media could have stopped Mr. Holder's alleged direct infringement by exercising its right to terminate the Agreement.  *See Amazon.com*, 508 F.3d at 1173-74 (noting, "Google's right to terminate [a] partnership does not give Google the right to stop direct infringement").  Lacking evidence that Gen Media had a practical ability to stop the alleged direct infringement, Mr. Al-Bustani fails to plausibly allege that Gen Media had the right and ability to supervise the alleged infringement.  *See id*.

Mr. Al-Bustani's failure to establish the first element is fatal to his vicarious copyright infringement claim, and the court need not reach the second element of his claim or address Gen Media's additional arguments.  The court GRANTS Gen Media's motion to dismiss Mr. Al-Bustani's claim for vicarious copyright infringement.

**C.    Leave to Amend**

On a Rule 12(b)(6) motion, "a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).  The court, however, retains discretion to deny leave to amend, particularly where the plaintiff has previously filed an amended complaint.  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1996); *Turner v. Cnty. of Los Angeles*, 18 F. App'x 592, 597 (9th Cir. 2001) (concluding that the court did not abuse its discretion in denying the second amended complaint with prejudice and without leave to amend where the court

had already allowed the plaintiff to amend their complaint with instructions on how to cure the complaint's deficiencies); *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1052 (9th Cir. 2008) ("Appellants fail to state what additional facts they would plead if given leave to amend . . . . Accordingly, amendment would be futile.").

Gen Media urges the court to dismiss Mr. Al-Bustani's claim without leave to amend. (MTD at 5, 12.) Mr. Al-Bustani has already amended his complaint twice (*see* Dkt.), and attempted to cure the deficiencies in his vicarious copyright infringement claim the second (*compare* 2d Am. Compl. ¶¶ 39-44 (adding new factual allegations in support of this claim), *with* FAC). Mr. Al-Bustani does not request leave to amend a third time. (*See generally* Resp.) Because Mr. Al-Bustani has had sufficient opportunity to cure deficiencies in his complaint and has failed to plausibly allege a claim for vicarious copyright infringement against Gen Media, the court declines to give Mr. Al-Bustani leave to amend his complaint a third time. *See Allen*, 911 F.2d at 373.

### IV. CONCLUSION

For the foregoing reasons, the court GRANTS Gen Media's motion to dismiss (Dkt. # 97). Mr. Al-Bustani's claim for vicarious copyright infringement against Defendant Gen Media LLC is DISMISSED with prejudice and without leave to amend.

Dated this 27th day of April, 2023.

JAMES L. ROBART
United States District Judge