UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AL-HARETH AL-BUSTANI,<br><br>Plaintiff,<br><br>v.<br><br>SEAN B. ALGER, et al.,<br><br>Defendants. | CASE NO. C22-5238JLR<br><br>ORDER |

## I.   INTRODUCTION

Before the court is Plaintiff Al-Hareth Al-Bustani's motion for attorney's fees. (Mot. (Dkt. # 111); Reply (Dkt. # 114).) Defendants Sean B. Alger and SB Alger Studio Productions LLC (collectively, "the Alger Defendants") oppose the motion. (Resp. (Dkt. # 112).) *Pro se* Defendant Louis Clyde Holder filed no response. (*See generally* Dkt.); *see* Local Rules W.D. Wash. LCR 7(b)(2) ("Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by

//

ORDER - 1

the court as an admission that the motion has merit.").[1] The court has considered the parties' submissions, the relevant portions of the record, and the applicable law. Being fully advised,[2] the court GRANTS in part Mr. Al-Bustani's motion for attorney's fees and AWARDS his counsel $4,492.00 in attorney's fees.

## II. BACKGROUND

This case concerns the copyrighted works and personality rights of the late Tracy Twyman, a successful author in the genre of the occult who committed suicide. (2d Am. Compl. (Dkt. # 94) ¶¶ 1, 24, 34.) Mr. Al-Bustani is Twyman's spouse and heir intestate. (*Id.* ¶ 1.) Mr. Al-Bustani sued over a dozen parties who allegedly distributed Twyman's copyrighted works and likeness without permission and publicly fueled rumors that Twyman's death was not a suicide, but a murder committed by Mr. Al-Bustani. (*Id.* ¶¶ 2, 28, 34, 46-48.) The complaint raises claims of direct copyright infringement, vicarious copyright infringement, violations of the Washington Personality Rights Act, false light, intentional infliction of emotional outrage, and negligent infliction of emotional distress. (2d Am. Compl. ¶¶ 62-104.)

---

[1] On October 19, 2023, *pro se* Defendant Sloan Bella filed a response opposing the motion. (Bella Resp. (Dkt. # 113).) However, any responses in opposition were due to the court no later than Monday, October 16, 2023. *See* Local Rules W.D. Wash. LCR 7(d) ("Any opposition papers shall be filed and served not later than the Monday before the noting date."); (*see also* Mot. at 1 (noted for October 20, 2023).) Ms. Bella's response was untimely filed and, in any event, the underlying discovery dispute and motion to compel do not involve Ms. Bella. (*See generally* Mot. to Compel (Dkt. # 105) (concerning inadequate discovery responses from the Alger Defendants and Mr. Holder).) Accordingly, the court declines to consider Ms. Bella's response in ruling on Mr. Al-Bustani's motion for attorney's fees.

[2] Neither party has requested oral argument and the court concludes that oral argument would not be helpful to its disposition of the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

On March 28, 2023, Mr. Al-Bustani served 15 requests for production on the Alger Defendants and Mr. Holder (collectively, "Defendants"), to which Defendants failed to timely or substantively respond. (Mot. to Compel (Dkt. # 105) at 2.) On June 9, 2023, Mr. Al-Bustani served 17 interrogatories on the Alger Defendants and 11 interrogatories on Mr. Holder. (*Id.* at 3.) On July 17, 2023, Mr. Al-Bustani served five more interrogatories on Mr. Alger and four more on Mr. Holder. (*Id.*) Defendants failed to timely or substantively respond to the June 9 and July 17 interrogatories. (*Id.* at 4). Mr. Al-Bustani moved to compel discovery responses on September 7, 2023. (*See generally id.*; *see also* 9/8/23 Min. Order (Dkt. # 106) at 1 (noting that Mr. Al-Bustani filed the motion without first contacting the court in violation of the court's procedures for resolving discovery disputes).) The court held a discovery hearing on September 22, 2023 and orally ordered the Alger Defendants and Mr. Holder to respond to Mr. Al-Bustani's outstanding discovery requests no later than October 6, 2023. (9/22/23 Min. Entry (Dkt. # 110).) The court further awarded Mr. Al-Bustani attorney's fees incurred for filing the motion to compel, directing that the award shall "be split evenly between the Alger [D]efendants (50% share) and Mr. Holder (50% share)." (*Id.*)

Subsequently, Mr. Al-Bustani filed the instant motion for attorney's fees. (*See* Mot. at 2 ("[Because] [t]his Court has already determined that Plaintiff is awarded attorney's fees incurred for filing the motion to compel . . . the only task remaining for the Court is to determine what fees are reasonable.").) Mr. Al-Bustani's counsel represents that she billed $6,081.94 for work related to drafting the motion to compel and related to preparing for and attending the September 22, 2023 discovery conference. (*See*

ORDER - 3

Ford Decl. (Dkt. # 111-1) ¶¶ 4-5.)  That total is based on 16.6 hours of attorney and paralegal work, comprising the following:  11.5 hours of work performed by attorney Susan L. Ford at an hourly rate of $395 (Ford Decl. ¶¶ 3-4, Ex. 1) and 5.1 hours of work performed by Ms. Ford's paralegal at an hourly rate of $375 (*id.*).[3]  The Alger Defendants argue the court should limit any fee award to $553 because any expenses beyond that amount were not reasonably incurred, particularly in light of Mr. Al-Bustani's failure to contact the court before filing his motion to compel.  (Resp. at 1 & n.1-2; *see also* 2/13/23 Sched. Order (Dkt. # 92) at 2 (explaining that parties must contact the court before moving for an order related to discovery).)

### III.   ANALYSIS

Under Federal Rule of Civil Procedure 37, if the court grants a motion to compel, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including

//
//
//
//

---

[3] The court notes two apparent mathematical errors in Mr. Al-Bustani's fee request. First, Mr. Al-Bustani seeks $594.69 in fees for 1.5 hours of work performed by Ms. Ford on September 7, 2023.  However, 1.5 hours multiplied by Ms. Ford's hourly rate of $395 yields $592.50.  Second, Mr. Al-Bustani seeks $177.75 in fees for 1.4 hours of work performed by Ms. Ford on September 26, 2023.  But 1.4 hours multiplied by $395 yields $553.00.  Based on the court's calculation of the hours and rates provided by Ms. Ford, Mr. Al-Bustani's fee request actually amounts to $6,455.00.

attorney's fees" unless "the opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A).

Courts determine reasonable attorney's fees by finding the "lodestar," which is calculated by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). The hours claimed by a party may be reduced by the court if the hours expended are deemed "excessive, redundant, or unnecessary." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley*, 461 U.S. at 434). To determine "a reasonable hourly rate to use for attorneys and paralegals," the court looks to the "prevailing market rates" in the Western District of Washington. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) (quoting *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005)); *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (holding relevant community is "the forum in which the district court sits"); *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (noting that the court may rely on its own "knowledge and experience" regarding fees charged in the area in which it presides). Although the lodestar figure is presumptively reasonable, the court may, if circumstances warrant, adjust the lodestar figure up or down based on a number of additional *Kerr* factors that have not been subsumed in the initial lodestar calculation. *Camacho*, 523 F.3d at 977-78 (referencing the factors enumerated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.

//

//

1975)).[4] Among the *Kerr* factors subsumed by the initial lodestar calculation are the time and labor required, the novelty and complexity of the issues, the skill requisite to perform the legal service properly, and the results obtained. *See Morales v. City of San Rafael*, 96 F.3d 359, 363 n.9 (9th Cir. 1996) ("Adjusting the lodestar on the basis of subsumed reasonableness factors after the lodestar has been calculated, instead of adjusting the reasonable number of hours or reasonable hourly rate at the first step, i.e. when determining the lodestar, is a disfavored procedure." (citing *Corder v. Gates*, 947 F.2d 374, 378 (9th Cir. 1991))); *see also, e.g.*, *Fortman v. Debt Assistance Network, LLC*, No. C20-5019RJB, 2021 WL 2530712, at *2 (W.D. Wash. June 21, 2021) (noting that the court considered the time and labor required in determining reasonable hours).

Here, an award of attorney's fees is appropriate because the court granted Mr. Al-Bustani's motion to compel (9/22/23 Minute Entry), and Defendants' failure to respond was unjustified. Fed. R. Civ. P. 37(a)(5). But based on the court's familiarity with the rates charged by attorneys and paralegals in the Seattle legal community, the court concludes that the $375 hourly rate charged by Ms. Ford's paralegal is not reasonable. *See, e.g.*, *Gamble v. State Farm Mut. Auto. Ins. Co.*, No. C19-5956-MJP,

//

---

[4] The twelve *Kerr* factors bearing on reasonableness are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Morales v. City of San Rafael*, 96 F.3d 359, 363 n.8 (9th Cir. 1996) (citing *Kerr*, 526 F.2d at 70).

2022 WL 92985, at *6 (W.D. Wash. Jan. 10, 2022) (concluding that paralegal rate of $300 per hour was unreasonable and "appear[ed] far afield from paralegal rates the Court has previously approved"). Although Ms. Ford provided a declaration discussing her own hourly rate, Ms. Ford has not provided the court with any information concerning her paralegal's qualifications, skills, or experience that would justify an hourly rate that far exceeds the market rate for paralegals in Seattle. (*See generally* Ford Decl.) In another case filed in this district, the court identified reasonable paralegal rates as ranging between $145 to $240 per hour. *Black Lives Matter Seattle-King Cnty. v. City of Seattle*, 516 F. Supp. 3d 1202, 1213 (W.D. Wash. 2021) (determining $145 was a reasonable hourly rate for paralegal work in Seattle where the plaintiffs failed to provide evidence justifying requested paralegal rates of $285 and above). In light of these considerations, the court awards Ms. Ford's paralegal a rate of $145 per hour.

The court further concludes that the number of hours claimed by Ms. Ford is excessive and warrants a reduction in light of certain subsumed *Kerr* factors. *See McCown*, 565 F.3d at 1102. The Supreme Court has stated that the most critical factor in assessing the reasonableness of an award is "the degree of success obtained." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quoting *Hensley*, 461 U.S. at 436) (explaining that the district court must compare the relief the party sought with the relief ultimately obtained). Here, Mr. Al-Bustani obtained the relief he sought in filing the motion to compel: an order compelling the Alger Defendants and Mr. Holder to respond to discovery. (9/22/23 Min. Entry.) Nevertheless, the court determines that the first three *Kerr* factors support a modest reduction in hours. *See Morales*, 96 F.3d at 363 n.8 (stating that the first three

ORDER - 7

1  *Kerr* factors are the time and labor required, the novelty and difficulty of the questions
2  involved, and the skill requisite to perform the legal service properly).  Ms. Ford spent a
3  total of 6.8 hours drafting the underlying motion to compel and supporting documents.
4  (Ford Decl. ¶ 3-4, Ex. 1 (providing time entries related to drafting the motion to compel,
5  dated August 28-30 and September 6-7, 2023).)  But this matter presents no novel or
6  difficult legal questions of fact or law and therefore required little time and labor
7  compared to more involved discovery motions.  The motion to compel concerns a
8  straightforward discovery dispute stemming from Defendants' failure to provide any
9  responses whatsoever to Mr. Al-Bustani's discovery requests.  The matter did not require
10 detailed document review, elaborate legal research, or extraordinary skill.  The court
11 determines that 4.8 hours reflects a reasonable time expended by an experienced attorney
12 in drafting a simple motion to compel, which reduces the reasonable number of hours
13 expended by Ms. Ford on this matter to 9.5 total hours.  Applying Ms. Ford's hourly rate
14 of $395 to 9.5 hours of attorney work, plus the reasonable paralegal rate of $145 for 5.1
15 hours of paralegal work, yields a lodestar figure of $4,492.00.  *Hensley*, 461 U.S. at 433.

### IV.   CONCLUSION

For the foregoing reasons, the court GRANTS in part Mr. Al-Bustani's motion for attorney's fees (Dkt. # 111) and AWARDS Mr. Al-Bustani's counsel $4,492.00, payment to be split evenly between the Alger Defendants (50%) and Mr. Holder (50%).  The Alger Defendants and Mr. Holder are ORDERED to remit payment to Mr. Al-Bustani's

//
//

1 | counsel in the amount of $2,246.00 each.  The Clerk is Directed to mail this order to Mr.
2 | Holder.

3 |       Dated this 25th day of October, 2023.

_____
JAMES L. ROBART
United States District Judge