1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AL-HARETH AL-BUSTANI, | CASE NO. C22-5238JLR |
| Plaintiff, | ORDER |
| v. | |
| SEAN B. ALGER, et al., | |
| Defendants. | |

On October 25, 2023, counsel for Plaintiff Al-Hareth Al-Bustani, Susan L. Ford, contacted the court regarding a discovery dispute with *pro se* Defendant Louis Clyde Holder and requested a conference pursuant to this court's procedures for resolving discovery disputes. (*See* 1/13/23 Sched. Order (Dkt. # 92) at 2 (explaining that parties must contact the court before moving for an order related to discovery).)

The court entered a minute order directing Mr. Al-Bustani and Mr. Holder to "file letters setting forth their respective positions concerning Mr. Holder's compliance with the court's September 22, 2023 order." (10/25/23 Min. Order (Dkt. # 116) at 2; *see also*

ORDER - 1

9/22/23 Min. Entry (Dkt # 110) (orally ordering Mr. Holder to provide full and complete responses to Mr. Al-Bustani's outstanding discovery requests no later than October 6, 2023).) Mr. Al-Bustani alleges that Mr. Holder has, to date, failed to provide a single discovery response, in violation of the court's September 22, 2023 order. (Letter (Dkt. # 117) at 1.) Mr. Al-Bustani requests case-dispositive sanctions against Mr. Holder in the form of a default judgment against him. (*Id.* (citing Fed. R. Civ. P. 37(b)(2)(A)(vi) (authorizing the district court to "render[] a default judgment against the disobedient party" for their failure to obey a discovery order).) Mr. Holder filed no letter.

On October 31, 2023, the court conducted a discovery conference in which Mr. Holder failed to appear, despite the court's warning that failure to appear at this conference "may result in sanctions." (10/25/23 Min. Order at 2.).

Federal Rule of Civil Procedure 37(b)(2) authorizes district courts to issue monetary sanctions for a party's failure to obey a discovery order including "the reasonable expenses" caused by any such unjustified failure "instead of or in addition to" case-dispositive sanctions such as "a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi), (b)(2)(C). In the Ninth Circuit, courts consider five factors to determine whether case-dispositive sanctions are appropriate: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Bd. of Tr. of Wash. Meat Indus. Pension Tr. v. Hammond Food*, No. C13-0474JLR, 2014 WL 2000351, at *2 (W.D. Wash. May 15, 2014) (quoting *Conn. Gen. Life Ins. Co. v. New*

*Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007)).  The fifth factor—the availability of less drastic sanctions—has three subparts: "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions."  *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096.  The first two factors always favor case-dispositive sanctions, while the fourth factor always weighs against default.  *Hammond Food*, 2014 WL 2000351, at *2 (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)).

        Here, Mr. Al-Bustani may suffer prejudice in the absence of discovery responses because the expert witness disclosure deadline of December 13, 2023 is rapidly approaching, and Mr. Al-Bustani has nothing from Mr. Holder to offer his expert in order to prepare a report.  (*See* Letter at 1; 2/13/23 Min. Order (Dkt. # 92) (setting expert witness disclosure deadline)); *see also* Fed. R. Civ. P. 26(a)(2)(B) (requiring that a party's expert witness disclosure "must be accompanied by a written report").  Further, the court has previously considered and tried lesser sanctions in the form of attorney's fees (9/22/23 Min. Entry), yet Mr. Holder has remained steadfast in his refusal to respond to discovery.  The court, however, has not previously warned Mr. Holder about the possibility of case-dispositive sanctions (*see* 10/25/23 Min. Order at 2 (warning only that "[f]ailure to appear may result in sanctions"); (9/8/23 Min. Order (Dkt. # 108) at 2 (same)); *see generally* 9/22/23 Min. Entry (no warning of sanctions)), and is mindful that *pro se* litigants are ordinarily afforded some "leniency."  *Barnett v. Norman*, 782 F.3d 417, 421 n.2 (9th Cir. 2015).  The court therefore declines to order case-dispositive sanctions in this instance.

1  Nevertheless, the court determines that lesser monetary sanctions are appropriate
2  in light of Mr. Holder's unjustified failures to comply with the court's September 22,
3  2023 order and to appear at the October 31, 2023 hearing.  Fed. R. Civ. P. 37(b)(2)(C).
4  Accordingly, the court ORDERS as follows:

5  1. As reasonable expenses for Mr. Holder's above-described discovery
6  violations, the court AWARDS Mr. Al-Bustani the amount of $2,000.00 in monetary
7  sanctions against Mr. Holder, which Mr. Holder shall pay no later than **November 21,**
8  **2023**.

9  2. Mr. Holder shall provide full and complete responses to Mr.
10 Al-Bustani's three outstanding sets of discovery no later than **November 7, 2023**.  The
11 failure to fully and timely comply may result in case-dispositive sanctions against Mr.
12 Holder, specifically the entry of default in Mr. Al-Bustani's favor.

13 3. The court GRANTS Mr. Al-Bustani leave to file a motion seeking
14 case-dispositive sanctions after November 7, 2023, in the event Mr. Holder fails to timely
15 provide full and complete responses to the outstanding discovery requests pursuant to this
16 order.

17 4. The Clerk is DIRECTED to mail this order to Mr. Holder.

18 Dated this 31st day of October, 2023.

JAMES L. ROBART
United States District Judge

ORDER - 4