1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
8                                    AT SEATTLE

9

10     AL-HARETH AL-BUSTANI,                     CASE NO. C22-5238JLR

11                           Plaintiff,          ORDER
                   v.
12
       SEAN B. ALGER, et al.,
13
                             Defendants.
14

15                          **I.    INTRODUCTION**

16           Before the court is Plaintiff Al-Hareth Al-Bustani's motion to impose

17    case-dispositive sanctions upon *pro se* Defendant Louis Clyde Holder.  (Mot. for

18    Sanctions (Dkt. # 120).)  Mr. Holder has filed no opposition to the motion.[1]  (*See*

19    *generally* Dkt.)  The court has considered the motion, the relevant portions of the record,

20

21           [1]  The court considers Mr. Holder's failure to respond to be a concession that the motion
      has merit.  *See* Local Rules W.D. Wash. LCR 7(b)(2) ("Except for motions for summary
      judgment, if a party fails to file papers in opposition to a motion, such failure may be considered
22    by the court as an admission that the motion has merit.").

and the applicable law.  Being fully advised,[2] the court GRANTS Mr. Al-Bustani's

motion.

## II.    BACKGROUND

This case concerns the copyrighted works and personality rights of the late Tracy

Twyman, a successful author in the genre of the occult who committed suicide.  (2d Am.

Compl. (Dkt. # 94) ¶¶ 1, 24, 34.)  Mr. Al-Bustani is Ms. Twyman's spouse and heir

intestate.  (*Id.* ¶ 1.)  The defendants, including Mr. Holder, are various parties who

allegedly distributed Ms. Twyman's copyrighted works and likeness without permission

and fueled rumors that Ms. Twyman's death was not a suicide but rather a murder

committed by Mr. Al-Bustani.  (*Id.* ¶¶ 2, 28, 34, 46-48.)

The instant motion stems from Mr. Holder's consistent failure to cooperate in

discovery matters.  To date, Mr. Holder has failed to provide a single response to three

sets of discovery requests propounded by Mr. Al-Bustani:  (1) 15 requests for production

served on March 28, 2023; (2) 11 interrogatories served on June 9, 2023; and (3) five

more interrogatories served on July 17, 2023.  (Mot. to Compel (Dkt. # 105) at 2-3; Letter

(Dkt. # 117) at 1; Mot. for Sanctions at 2.)  Mr. Al-Bustani first raised the issue of Mr.

Holder's unresponsiveness by filing a motion to compel on September 7, 2023.  (*See*

*generally* Mot. to Compel.)  The court ordered Mr. Holder to file a letter responding to

the motion and to appear for a telephonic discovery hearing on September 22, 2023,

---

[2] Mr. Al-Bustani has requested oral argument (*see* Mot. at 1), but the court determines
that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D.
Wash. LCR 7(b)(4).

1     warning that "[f]ailure to appear . . . may result in sanctions." (9/8/23 Min. Order (Dkt.

2     # 106) at 2.)

3         Although Mr. Holder filed no letter response, he did appear for the hearing. (*See*

4     *generally* Dkt.; 9/22/23 Min. Entry (Dkt. # 110).) Mr. Holder claimed to have been

5     medically incapable of responding to Mr. Al-Bustani's discovery requests due to cancer

6     and heart issues. The court concluded, however, that Mr. Holder had chosen not to

7     participate in the litigation. Accordingly, the court ruled that Mr. Holder waived any

8     objections and ordered him to provide full and complete responses to the three

9     outstanding sets of discovery no later than October 6, 2023. (9/22/23 Min. Entry.) The

10     court also awarded Mr. Al-Bustani attorney's fees incurred for filing the motion to

11     compel. (*Id.*; *see also* 10/25/23 Order (Dkt. # 115) at 8-9 (ordering Mr. Holder to remit

12     payment to Mr. Al-Bustani's counsel in the amount of $2,246.00).)

13         On October 25, 2023, counsel for Mr. Al-Bustani, Susan L. Ford, contacted the

14     court regarding Mr. Holder's alleged noncompliance with the court's September 22, 2023

15     order and requesting a conference regarding potential sanctions. (10/25/23 Min. Order

16     (Dkt. # 116); *see also* 2/13/23 Min. Order (Dkt. # 43) at 1-2 (directing the parties to

17     contact the court before moving for an order related to discovery).) The court ordered

18     Mr. Holder and Mr. Al-Bustani to appear for a telephonic conference on October 31,

19     2023, and warned that "[f]ailure to appear at this hearing may result in sanctions."

20     (10/25/23 Min. Order at 2.) In lieu of formal briefing, the court directed Mr. Al-Bustani

21     and Mr. Holder to file letters setting forth their respective positions regarding Mr.

22     Holder's compliance with the court's September 22, 2023 order. (*Id.*) In his letter, Mr.

1   Al-Bustani sought sanctions in the form of a default judgment against Mr. Holder,

2   representing that Mr. Holder had not provided a single discovery response despite being

3   ordered to do so no later than October 6, 2023.  (Letter at 1)  Mr. Al-Bustani argued he

4   would suffer prejudice in the absence of case-dispositive sanctions because discovery

5   deadlines were fast-approaching, and he had "nothing [from Mr. Holder] in the form of

6   documents or interrogatory responses to provide to his expert." (*Id.*)  Mr. Holder filed no

7   response letter.  (*See generally* Dkt.)

8          On October 31, 2023, the court conducted the scheduled hearing, but Mr. Holder

9   failed to appear.  (10/31/23 Min. Entry (Dkt. # 118).)  The court sanctioned Mr. Holder in

10  the amount of $2,000.00 pursuant to Federal Rule of Civil Procedure 37(b)(2)(C),

11  ordered Mr. Holder to provide discovery responses by no later than November 21, 2023,

12  and warned that failure to comply "may result in case-dispositive sanctions against Mr.

13  Holder, specifically the entry of default in Mr. Al-Bustani's favor." (10/31/23 Order

14  (Dkt. # 119) at 4.)  The court granted Mr. Al-Bustani leave to file a formal motion for

15  case-dispositive sanctions "in the event Mr. Holder fails to timely provide full and

16  complete responses to the outstanding discovery requests pursuant to this order." (*Id.*)

17         On November 17, 2023, Mr. Al-Bustani filed a motion seeking case-dispositive

18  sanctions against Mr. Holder, alleging that Mr. Holder still had not provided a single

19  response to any of the outstanding discovery requests in violation of multiple orders of

20  this court.  (Mot. for Sanctions at 2-3.)  Mr. Al-Bustani also requested an award of

21  attorney's fees and costs incurred in preparing the motion for sanctions.  (*Id.* at 5.)  Mr.

22  Holder filed no response to the motion.  (*See generally* Dkt.)

1

### III.   ANALYSIS

2       The Federal Rules of Civil Procedure authorize the court to impose

3   case-dispositive sanctions against a party who fails to "to obey an order to provide or

4   permit discovery."  Fed. R. Civ. P. 37(b)(2)(A).  "By the very nature of its language,

5   sanctions imposed under Rule 37 must be left to the sound discretion of the trial judge."

6   *O'Connell v. Fernandez-Pol*, 542 F. App'x 546, 547-48 (9th Cir. 2013) (citing *Craig v.*

7   *Far W. Eng'g Co.*, 265 F.2d 251, 260 (9th Cir. 1959)).[3]

8       "In the Ninth Circuit, sanctions are appropriate only in 'extreme circumstances'

9   and where the violation is due to 'willfulness, bad faith, or fault of the party.'"  *Fair*

10  *Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002) (quoting *United States v.*

11  *Kahaluu Constr. Co.*, 857 F.2d 600, 603 (9th Cir. 1988)).  If the court finds willful or bad

12  faith conduct, it then considers five factors to determine whether case-dispositive

13  sanctions are appropriate:  "(1) the public's interest in expeditious resolution of litigation;

14  (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking

15  sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the

16  availability of less drastic sanctions."  *Conn. Gen. Life Ins. Co. v. New Images of Beverly*

17  *Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906,

18  912 (9th Cir. 2003)).  The first two factors always favor case-dispositive sanctions, while

19  the fourth factor always weighs against default.  *Bd. of Trs. of the Wash. Meat Indus.*

20

21   ———————————

    [3]  District courts also have "inherent power to control their dockets" and may "impose sanctions including, where appropriate, default or dismissal."  *Thompson v. Hous. Auth. of L.A.*,

22   782 F.2d 829, 831 (9th Cir. 1986) (per curiam).

1   *Pension Tr. v. Hammond Food*, No. C13-0474JLR, 2014 WL 2000351, at *2 (W.D.

2   Wash. May 15, 2014) (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th

3   Cir. 1990)).  The court will first determine whether Mr. Holder violated discovery orders

4   before assessing whether those violations were willful and whether the five factors

5   support imposing case-dispositive sanctions in this instance.

6   **A.      Mr. Holder Violated the Court's Discovery Orders**

7          The court concludes that Mr. Holder violated the discovery orders it issued on

8   September 22, 2023, October 25, 2023, and October 31, 2023.  On September 22, 2023,

9   the court ordered Mr. Holder to respond to Mr. Al-Bustani's discovery requests by no

10  later than October 6, 2023.  (9/22/23 Min. Entry.)  He failed to do so.  (Letter at 1.)  The

11  court's October 25, 2023 order directed Mr. Holder to appear for a hearing on October

12  31, 2023.  (10/25/23 Min. Order at 2.)  He failed appear.  (10/31/23 Min. Entry.)  The

13  court's October 31, 2023 order imposed monetary sanctions and required Mr. Holder to

14  remit payment of $2,000.00 no later than November 21, 2023.  (10/31/23 Order at 4.)

15  The order also gave Mr. Holder another opportunity to participate in discovery, requiring

16  him to provide full and complete responses no later than November 7, 2023.  (*Id.*)  To

17  date, Mr. Holder has neither remitted the required payment nor responded to the

18  outstanding discovery.  (Mot. for Sanctions at 2-3.  *See generally* Dkt. (no opposition to

19  Mr. Al-Bustani's motion for sanctions or the representations therein).)  The court

20  therefore concludes that Mr. Holder has violated three of its discovery orders.

21  //

22  //

1    **B.    Mr. Holder Acted Willfully and in Bad Faith**

2          Having concluded that Mr. Holder violated the discovery orders, the court must

3    determine whether Mr. Holder's violations of those orders were willful.  "Disobedient

4    conduct not outside the control of the litigant is all that is required to demonstrate

5    willfulness, bad faith or fault."  *Hammond Food*, 2014 WL 2000351, at *1 (citing *Henry*

6    *v. Gill Indus., Inc.*, 983 F.2d 943, 948-49 (9th Cir. 1993)).

7          Over eight months have elapsed since Mr. Al-Bustani served his first discovery

8    requests, and Mr. Holder has failed to provide a single response.  There is no good faith

9    justification for that failure.  While Mr. Holder indicated at the September 22, 2023

10   hearing that he has been medically incapable of responding to the discovery requests, the

11   court already considered this representation and declined to credit it.  If Mr. Holder's

12   medical issues were so grave as to preclude his ability to participate in this litigation

13   entirely, he could have sought a stay of these proceedings.  Instead, he has willfully

14   chosen not to participate.  Indeed, Mr. Holder has provided no explanation whatsoever

15   for his continued failure to cooperate in discovery since September.  (*See generally* Dkt.);

16   *see also* Local Rules W.D. Wash. LCR 7(b)(2) (providing that a party's failure to respond

17   to a motion for sanctions may be considered an admission that the motion has merit).

18   Accordingly, the court has no trouble concluding that Mr. Holder acted willfully and in

19   bad faith in violating multiple discovery orders.

20   //

21   //

22   //

## C.      Case-Dispositive Sanctions Are Warranted

Having found that Mr. Holder willfully violated the discovery orders, the court

must now consider the five-factor test for determining whether case-dispositive sanctions

are warranted.

> Where a court order is violated, the first two factors [the public's interest in
> expeditious resolution of litigation and the court's need to manage its docket]
> support sanctions and the fourth factor [the public policy favoring disposition
> of cases on their merits] cuts against a default.  Therefore, it is the third and
> fifth factors [the risk of prejudice to the party seeking sanctions and the
> availability of less drastic sanctions] that are decisive.

*Hammond Food*, 2014 WL 2000351, at *2 (quoting *Adriana Int'l*, 913 F.2d at 1412

(insertions added in *Hammond Food*)).  The court concludes that the third and fifth

factors favor entry of default.

A party suffers prejudice if the opposing party's actions "impair [his] ability to go

to trial or threaten to interfere with the rightful decision of the case."  *Adriana Int'l*, 913

F.2d at 1412 (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

Although delay alone is insufficient prejudice to warrant case-dispositive sanctions,

courts find that the failure to produce documents as ordered is considered sufficient

prejudice.  *Id.*; *see also Combs*, 285 F.3d at 906 (finding prejudice justifying

case-dispositive sanctions where the defendant's failure to produce documents and

misrepresentation that documents did not exist "deprived [the plaintiff] of any

meaningful opportunity to follow up" on information or incorporate it in its litigation

strategy).  Here, Mr. Holder's failure to produce documents or otherwise cooperate in

discovery has prevented Mr. Al-Bustani from obtaining information about Mr. Holder's

1    alleged role in perpetuating false rumors about Ms. Twyman's death and in

2    misappropriating her likeness and copyrighted works.  Mr. Holder's failure to produce

3    documents has also prevented Mr. Al-Bustani from obtaining materials necessary for his

4    forensic expert to timely prepare a report.  (Mot. for Sanctions at 3-4.)  Therefore, the

5    court concludes that Mr. Holder's conduct resulted in prejudice to Mr. Al-Bustani.

6           The fifth factor—the availability of less drastic sanctions—has three subparts:

7    "whether the court has considered lesser sanctions, whether it tried them, and whether it

8    warned the recalcitrant party about the possibility of case-dispositive sanctions."

9    *Hammond Food*, 2014 WL 2000351, at *3 (quoting *Conn. Gen. Life Ins. Co.*, 482 F.3d at

10   1096).  Here, the court considered and tried lesser sanctions when it ordered Mr. Holder

11   to pay Mr. Al-Bustani (1) $2,246.00 in attorney's fees and costs pursuant to Federal Rule

12   of Civil Procedure 37(a)(5), and (2) $2,000.00 in monetary sanctions pursuant to Federal

13   Rule of Civil Procedure 37(b)(2).  (9/22/23 Min. Entry; 10/25/23 Min. Order at 4-5, 8-9;

14   10/31/23 Order at 4.)  After the court imposed these sanctions, Mr. Holder willfully

15   violated the court's orders by failing to pay and failing to provide discovery responses.

16   The court has also warned Mr. Holder that failure to cooperate with discovery and to

17   obey the court's orders could result in entry of default in Mr. Al-Bustani's favor.  (*See*

18   10/31/23 Order at 4.)  Accordingly, the court concludes that lesser sanctions have been

19   and will continue to be unsuccessful at motivating Mr. Holder to comply with the court's

20   orders and to cooperate with discovery.  Because four out of the five factors support the

21   issuance of case-dispositive sanctions, the court GRANTS Mr. Al-Bustani's motion for

22   sanctions and entry of default.

**D.      Request for Attorney's Fees and Costs**

Finally, Mr. Al-Bustani asks the court to order Mr. Holder to pay the fees and costs he incurred in bringing this motion.  (Mot. at 5.)  Where a party fails to comply with a discovery order,

> the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C).  In light of Mr. Holder's willful violation of the court's discovery orders, and in the absence of "substantial justification" for those violations or evidence of circumstances that would make an award unjust (*see generally* Dkt.), the court preliminarily GRANTS Mr. Al-Bustani's motion for an award of the reasonable attorney's fees and costs he incurred in bringing this motion for sanctions.  Mr. Al-Bustani may file a motion for attorney's fees and costs by no later than January 5, 2024.  The motion shall be noted in accordance with Local Rules W.D. Wash. LCR 7(d)(3).

## IV.      CONCLUSION

For the foregoing reasons, the court GRANTS Mr. Al-Bustani's motion for sanctions and entry of default (Dkt. # 120).  The Clerk is DIRECTED to enter default against Mr. Holder in Mr. Al-Bustani's favor.  Mr. Al-Bustani may file a motion for reasonable attorney's fees and costs incurred in bringing this motion for sanctions and entry of default by no later than **January 5, 2024**.

//

Dated this 13th day of December, 2023.

JAMES L. ROBART
United States District Judge

ORDER - 11