1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10    AL-HARETH AL-BUSTANI,                          CASE NO. C22-5238JLR

11                          Plaintiff,               ORDER

12           v.

13    SEAN B. ALGER, et al.,

14                          Defendants.

15          On December 13, 2023, the court granted Plaintiff Al-Hareth Al-Bustani's motion

16   for case-dispositive sanctions against *pro se* Defendant Louis Clyde Holder.  (12/13/23

17   Order (Dkt. # 130).)  The Clerk subsequently entered default against Mr. Holder.

18   (12/20/23 Default Entry (Dkt. # 131).)  In its December 13, 2023 order, the court

19   instructed that "Mr. Al-Bustani may file a motion for reasonable attorney's fees and costs

20   incurred in bringing [the] motion for sanctions and entry of default."  (12/13/23 Order at

21   10.)  On January 5, 2024, Mr. Al-Bustani filed such a motion.  (Fee Mot. (Dkt. # 133).)

22   //

1    In reviewing Mr. Al-Bustani's motion for attorney's fees and the record in this

2    case, the court has encountered an issue of grave concern:  the Clerk already entered

3    default against Mr. Holder approximately 14 months ago on November 17, 2022.

4    (11/17/22 Default Entry (Dkt. # 67).)  This first entry of default was never vacated.  (*See*

5    *generally* Dkt.)  Accordingly, in the court's view, Mr. Holder has been in default since

6    late 2022.

7    The court describes its understanding of what happened as follows.  Mr.

8    Al-Bustani served the summons and complaint on Mr. Holder on July 10, 2022.  (Serv. of

9    Summons (Dkt. # 23).)  The original complaint named Mr. Holder as "Clyde Lewis," an

10   alias.  (*See* Compl. (Dkt. # 1) at 1.)  On September 22, 2022, however, Mr. Al-Bustani

11   filed his first amended complaint, which correctly named Mr. Holder as "Louis Clyde

12   Holder aka Clyde Lewis."  (Am. Compl. (Dkt. # 44) at 1.)

13   Mr. Holder failed to timely answer the complaint, and on November 8, 2022, Mr.

14   Al-Bustani filed a motion for entry of default against him pursuant to Federal Rule of

15   Civil Procedure 55(a) and Local Rule 55(a).  (1st Default Mot. (Dkt. # 57)); *see* Fed. R.

16   Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has

17   failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise,

18   the clerk must enter the party's default."); Local Rules W.D. Wash LCR 55(a) ("[T]he

19   clerk shall enter the default of any party against whom a judgment for affirmative relief is

20   sought but who has failed to plead or otherwise defend.").  The Clerk then entered default

21   against "Clyde Lewis" on November 17, 2022.  (11/17/22 Default Entry ("Clerk's

22   ENTRY OF DEFAULT as to Defendant Clyde Lewis.").)

ORDER - 2

1    On November 30, 2022, the court received a two-page letter from Mr. Holder—

2    who has been proceeding *pro se* throughout this litigation—in which he apologized "for

3    not addressing the court sooner about" this case. (Letter (Dkt. # 75) at 1.) Mr. Holder

4    explained that his delay in participating resulted from serious health issues and confusion

5    regarding whether he was actually a defendant in the case. (*See id.* ("I . . . was told that I

6    was no longer on the list of defendants. . . . Then I was informed I was back on the

7    defendant list but was not re-served any legal documents notifying me of this. I awaited

8    any correspondence.").) Mr. Holder went on to deny that he engaged in the conduct

9    described in Mr. Al-Bustani's complaint. (*See id.* at 1-2.) The letter was erroneously

10   posted to the docket as Mr. Holder's "Answer" to the complaint. (*See* Dkt. ("Answer

11   to Plaintiff's . . . Amended Complaint by Louis Clyde Holder.").)

12   Thereafter, the parties and the court carried on as if Mr. Holder's letter had revived

13   his status in this case. Or, perhaps it appeared that Mr. Holder was still in the case, as

14   default had been entered under a different name. Regardless, this matter proceeded as

15   though Mr. Holder was not in default. Indeed, after Mr. Al-Bustani and other represented

16   parties filed their Joint Status Report on December 9, 2022 (JSR (Dkt. # 76)), the court

17   entered a minute order directing Mr. Holder "to file any objections or proposed

18   modifications to the Joint Status Report" (12/15/22 Min. Order (Dkt. # 77)), even though

19   the Clerk had entered default against Mr. Holder; the default had not been vacated; and

20   no party ever sought clarification regarding Mr. Holder's status in this case. (*See*

21   *generally* Dkt.) As a result, Mr. Al-Bustani pursued discovery from Mr. Holder, and the

22   court entered a number of orders directing Mr. Holder to answer Mr. Al-Bustani's

1    discovery requests, awarding attorney's fees and costs incurred in filing discovery-related

2    motions, and imposing monetary and case-dispositive sanctions against Mr. Holder due

3    to his failure to cooperate in discovery, even though Mr. Holder was still in default.

4    (9/22/23 Min. Entry (Dkt. # 110) (ordering Mr. Holder to respond to discovery); 10/25/23

5    Order (Dkt. # 115) at 8-9 (ordering Mr. Holder to remit payment of $2,246.00 in

6    attorney's fees); 10/31/23 Order (Dkt. # 119) at 4 (ordering Mr. Holder to respond to

7    discovery and imposing $2,000.00 in monetary sanctions against him); 12/13/23 Order

8    (imposing case-dispositive sanctions against Mr. Holder).)

9         Default is "a 'two-step process' consisting of:  (1) seeking the clerk's entry of

10   default; and (2) filing a motion for entry of default judgment." *Ramsey v. Hawaii*, No.

11   20-00215 JMS-KJM, 2020 WL 5754010, at *1 (D. Haw. Sept. 2, 2020) (quoting

12   *Symantex Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009)); *see also* Fed.

13   R. Civ. P. 55(a)-(b); Local Rules W.D. Wash. LCR 55(a)-(b).  The Clerk's entry of

14   default effects an admission of all well-pleaded allegations in the complaint by the

15   defaulted party—except those related to damages—and precludes that party from

16   contesting liability.  *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977);

17   *Consultica Software Servs., Inc. v. Lootsie, Inc.*, No. CV 16-8984 SS, 2018 WL 6039862,

18   at *1 (C.D. Cal. Nov. 8, 2018).  The Clerk's entry of default does not automatically

19   entitle a plaintiff to a default judgment.  *Philip Morris USA, Inc. v. Castworld Prods.,*

20   *Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).  The plaintiff bears the burden to "prove up"

21   all damages sought in the complaint.  *Id.*  "In determining damages, a court can rely on

22   the declarations submitted by the plaintiff or order a full evidentiary hearing." *Id.* (citing

Fed. R. Civ. P. 55(b)(2)).  "[A] defaulting defendant who has made an appearance

generally is allowed to contest damages only."  *Lowe v. Elite Recovery Sols. L.P.*, No.

CIV S-07-0627 RRB GGH, 2008 WL 324777, at 1 (E.D. Cal. Feb. 5, 2008), *findings and*

*recommendations adopted*, 2008 WL 11512326 (E.D. Cal. Sept. 25, 2008).

    The court has identified no cases in which a plaintiff has been permitted to pursue

routine discovery from a defaulted defendant.  Instead, courts have generally permitted

discovery from a defaulted defendant only with respect to the limited issue of damages at

the default judgment stage, and only upon the plaintiff's motion or the court's express

leave.  *See, e.g.*, *Olson Kundig, Inc. v. 12th Ave. Iron, Inc.*, No. C22-0825JLR, 2023 WL

3269759, at (W.D. Wash. May 5, 2023) (deferring entry of final judgment and granting

motion for limited damages discovery from defaulted defendant); *Berholtz v. P4*

*Meditech Analytics, LLC*, No. 3:20-cv-02507-WQH-AHG, 2021 WL 4480670, at *2

(S.D. Cal. Sept. 30, 2021) (granting motion to conduct discovery on the issue of

damages); *Oakley, Inc. v. Moda Collection, LLC*, No. SACV 16-160-JLS (JCGx), 2016

WL 7495835, at *7 (C.D. Cal. June 9, 2016) (granting leave to conduct limited discovery

to ascertain damages); *Alstom Power, Inc.*, No. 3:15cv174, 2016 WL 354754, at *3 (E.D.

Va. Jan. 27, 2016) (granting motion for leave to issue discovery related to damages).

This makes sense because Federal Rule of Civil Procedure 26(d)(1) generally permits

discovery only after the parties have engaged in a Rule 26(f) conference, but where a

defendant has defaulted due to his failure to plead or otherwise defend, then no such

conference could have occurred.  *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek

discovery from any source before the parties have conferred as required by Rule 26(f),

1  except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when

2  authorized by these rules, by stipulation, or by court order."); *see also Alstom Power,*

3  *Inc.*, 2016 WL 354754, at *2 (explaining that, because the parties had not conferred as

4  required by Rule 26(f) due to the defendant's default, Rule 26(d)(1) barred discovery

5  absent a court order).

6        Here, the Clerk entered default against Mr. Holder due to his failure to plead or

7  otherwise defend.  (*See* Default Mot. (Dkt. # 57) at 1; 11/17/22 Default Entry.)  Then,

8  without accomplishing a Rule 26(f) conference with Mr. Holder and without the court's

9  leave (*see generally* JSR (no participation by Mr. Holder); Dkt.), Mr. Al-Bustani pursued

10  routine discovery from Mr. Holder that went beyond the limited issue of damages (*see*

11  Mot. to Compel (Dkt. # 105) at 6-8 (explaining that Mr. Al-Bustani's discovery requests

12  were relevant to his copyright and other claims because, for example, he sought

13  communications between Mr. Holder and other co-defendants concerning "the use,

14  distribution or copying" of the copyrighted works at issue).)  In the court's view, such

15  discovery was not permitted under the Federal Rules of Civil Procedure, this district's

16  Local Civil Rules, or current precedent.

17        Accordingly, the court ORDERS Mr. Al-Bustani to SHOW CAUSE why, in light

18  of the Clerk's November 17, 2022 entry of default against Mr. Holder, the court should

19  not:  (1) vacate the portions of its September 22, 2023 and October 25, 2023 orders that

20  direct Mr. Holder to pay Mr. Al-Bustani's attorney's fees and costs stemming from Mr.

21  Holder's failure to cooperate in discovery matters; (2) vacate its October 31, 2023 orders

22  imposing monetary sanctions against Mr. Holder due to his failure to cooperate in

discovery; (3) vacate its December 13, 2023 order imposing case-dispositive sanctions against Mr. Holder; (4) vacate the Clerk's December 20, 2023 entry of default; and (5) deny Mr. Al-Bustani's pending motion for attorney's fees.  Mr. Al-Bustani shall file his response by no later than **February 2, 2024**, and the response shall not exceed 2,000 words in length.  If Mr. Al-Bustani fails to timely respond, the court may construe such failure as his consent to the court's proposed course of action described herein.

The Clerk is DIRECTED to renote Mr. Al-Bustani's motion for attorney's fees (Dkt. # 133) for February 2, 2024.

Dated this 29th day of January, 2024.

JAMES L. ROBART
United States District Judge