UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AL-HARETH AL-BUSTANI, | CASE NO. C22-5238JLR |
| Plaintiff, | ORDER |
| v. | |
| SEAN B. ALGER, et al., | |
| Defendants. | |

Before the court is Plaintiff Al-Hareth Al-Bustani's response to the court's January 29, 2024 order to show cause. (Resp. (Dkt. # 143); Ford Decl. (Dkt. # 144); *see also* OSC (Dkt. # 141).) The court's order to show cause was prompted by "an issue of grave concern" that the court identified upon reviewing Mr. Al-Bustani's pending motion for attorney's fees and the record in this case. (OSC at 2; *see also* Fee Mot. (Dkt. # 133).) Specifically, the court observed that although the Clerk entered default against *pro se* Defendant Louis Clyde Holder on November 17, 2022, this matter proceeded as if Mr. Holder was not in default. (*Id.* at 2-4.) Apparently believing that Mr. Holder was

ORDER - 1

still an active participant in this case (*see* Resp. at 4; OSC at 2-4), Mr. Al-Bustani pursued routine discovery from Mr. Holder and "the court entered a number of orders directing Mr. Holder to answer Mr. Al-Bustani's discovery requests, awarding attorney's fees and costs incurred in filing discovery-related motions, and imposing monetary and case-dispositive sanctions against Mr. Holder," all while Mr. Holder was in default. (OSC at 3-4.) In the court's view, such discovery was not permitted. (*Id.* at 4-6 (explaining why routine discovery from a defaulted defendant "was not permitted under the Federal Rules of Civil Procedure, this district's Local Civil Rules, or current precedent").) Consequently, the court ordered Mr. Al-Bustani to show cause

> why, in light of the Clerk's November 17, 2022 entry of default against Mr. Holder, the court should not: (1) vacate the portions of its September 22, 2023 and October 25, 2023 orders that direct Mr. Holder to pay Mr. Al-Bustani's attorney's fees and costs stemming from Mr. Holder's failure to cooperate in discovery matters; (2) vacate its October 31, 2023 orders imposing monetary sanctions against Mr. Holder due to his failure to cooperate in discovery; (3) vacate its December 13, 2023 order imposing case-dispositive sanctions against Mr. Holder; (4) vacate the Clerk's December 20, 2023 entry of default; and (5) deny Mr. Al-Bustani's pending motion for attorney's fees.

(*Id.* at 6-7.)

Mr. Al-Bustani responds that he agrees with the court's proposed course of action. (Resp. at 4-5 ("[T]his Court is correct in vacating its prior Orders and the Clerk's December 20, 2023 entry of default and denying Mr. Al-Bustani's pending motion for attorney's fees, as set forth in the Order to Show Cause, and recognizing Mr. Holder as a defaulted party going forward.").) Mr. Al-Bustani also states that his counsel has not yet received "the payment of attorney's fees by Mr. Holder." (*Id.* at 4.)

ORDER - 2

Accordingly, the court DISCHARGES its January 29, 2024 order to show cause (Dkt. # 141) and ORDERS as follows:

1. Mr. Al-Bustani's motion for attorney's fees and costs (Dkt. # 133) is DENIED.

2. The court VACATES the portions of its September 22, 2023 and October 25, 2023 orders (Dkt. ## 110, 115) that direct Mr. Holder to pay Mr. Al-Bustani's attorney's fees and costs stemming from Mr. Holder's failure to cooperate in discovery[1];

3. The court VACATES its October 31, 2023 and December 13, 2023 orders (Dkt. ## 118-19, 130) imposing monetary and case-dispositive sanctions against Mr. Holder due to his failure to cooperate in discovery;

4. The court VACATES the Clerk's December 20, 2023 entry of default against Mr. Holder (Dkt. # 131). The court finds good cause to vacate the default entry based on the reasons set forth in the court's January 29, 2024 order to show cause. (*See generally* OSC); Fed. R. Civ. P. 55(c) (providing that "[t]he court may set aside an entry of default for good cause").

5. Mr. Holder shall be considered a defaulted defendant as of November 17, 2022. (*See* 11/17/22 Default Entry (Dkt. # 67).)

---

[1] To be clear, the portions of the court's September 22, 2023 and October 25, 2023 orders directing Defendants Sean B. Alger and SB Alger Studio Productions LLC (together, the "Alger Defendants") to pay Mr. Al-Bustani's attorney's fees and costs stemming from his September 7, 2023 motion to compel remain in effect. (*See* 9/22/24 Min. Entry (Dkt. # 110) (orally ordering the Alger Defendants to pay Mr. Al-Bustani's reasonable attorney's fees and costs incurred in filing the motion to compel); 10/25/23 Order (Dkt. # 115) at 8-9 (determining the reasonableness of Mr. Al-Bustani's fee request related to his motion to compel and ordering the Alger Defendants to remit payment in the amount of $2,246.00).)

6.  The Clerk is DIRECTED to mail a copy of this order to Mr. Holder. Mr. Holder is advised that he has no obligation to remit payment of attorney's fees and costs or monetary sanctions pursuant to the vacated orders identified herein.

Dated this 7th day of February, 2024.

JAMES L. ROBART
United States District Judge

ORDER - 4