UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AL-HARETH AL-BUSTANI,

                Plaintiff,

    v.

SEAN B. ALGER, et al.,

                Defendants.

CASE NO. C22-5238JLR

ORDER

## I.  INTRODUCTION

Before the court is Plaintiff Al-Hareth Al-Bustani's motion to impose

case-dispositive sanctions upon Defendants Sean B. Alger and S.B. Alger Studio

Productions, LLC (together, the "Alger Defendants").  (Sanctions Mot. (Dkt. # 120).)

The Alger Defendants have filed no opposition to the motion.[1]  (*See generally* Dkt.)  The

---

[1]  The court considers the Alger Defendants' failure to respond to be a concession that the motion has merit.  *See* Local Rules W.D. Wash. LCR 7(b)(2) ("Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.").

1  court has considered the motion, the relevant portions of the record, and the applicable

2  law.  Being fully advised,[2] the court GRANTS Mr. Al-Bustani's motion.

3  ## II.   BACKGROUND

4      This case concerns the copyrighted works and personality rights of the late Tracy

5  Twyman, a successful author in the genre of the occult who committed suicide.  (2d Am.

6  Compl. (Dkt. # 94) ¶¶ 1, 24, 34.)  Mr. Al-Bustani is Ms. Twyman's spouse and heir

7  intestate.  (*Id.* ¶ 1.)  The defendants, including the Alger Defendants, are various parties

8  who allegedly distributed Ms. Twyman's copyrighted works and likeness without

9  permission and fueled rumors that Ms. Twyman's death was not a suicide but rather a

10 murder committed by Mr. Al-Bustani.  (*Id.* ¶¶ 2, 28, 34, 46-48.)

11     The instant motion stems from the Alger Defendants' consistent failure to

12 cooperate in discovery matters.  At issue are the Alger Defendants' deficient responses to

13 three sets of discovery requests propounded by Mr. Al-Bustani:  (1) 15 requests for

14 production ("RFP") served on March 28, 2023; (2) 11 interrogatories served on June 9,

15 2023; and (3) five more interrogatories served on July 17, 2023.  (*See* Mot. to Compel

16 (Dkt. # 105) at 2-3; *see also* Sanctions Mot. at 2-5.)  Mr. Al-Bustani first raised the issue

17 of the Alger Defendants' noncompliance by filing a motion to compel on September 7,

18 2023.  (*See generally* Mot. to Compel.)  The court ordered the Alger Defendants to file a

19 letter responding to the motion and to appear for a telephonic discovery hearing on

20

21     [2] No party has requested oral argument (*see* Sanctions Mot.; *see generally* Dkt.), and the
   court determines that oral argument would not be helpful to its disposition of the motion, *see*

22 Local Rules W.D. Wash. LCR 7(b)(4).

1    September 22, 2023.  (9/8/23 Min. Order (Dkt. # 106) at 2.)  In their letter, the Alger

2    Defendants requested an additional two weeks to respond, representing that their counsel,

3    Thomas W. Hayton, "was surprised that there were outstanding interrogatories" as he had

4    "missed them." (9/18/23 Resp. (Dkt. # 107) at 1 & n.1 ("[W]e do not dispute [Mr.]

5    Al-Bustani's entitlement to answers and responses.").)  The Alger Defendants appeared

6    at the hearing through counsel on September 22, 2023, and the court ruled that the Alger

7    Defendants waived any objections and ordered them to provide full and complete

8    responses to the three outstanding sets of discovery by no later than October 6, 2023.

9    (9/22/23 Min. Entry (Dkt. # 110).)  The court also awarded Mr. Al-Bustani attorney's

10   fees incurred for filing the motion to compel. (*Id.*; *see also* 10/25/23 Order (Dkt. # 115) at

11   8-9 (ordering the Alger Defendants to remit payment to Mr. Al-Bustani's counsel in the

12   amount of $2,246.00).)

13          On November 30, 2023, counsel for Mr. Al-Bustani, Susan L. Ford, contacted the

14   court regarding the Alger Defendants' alleged noncompliance with the court's September

15   22, 2023 order.  (12/4/23 Min. Order (Dkt. # 123) at 1; *see also* 2/13/23 Min. Order (Dkt.

16   # 43) at 1-2 (directing the parties to contact the court before moving for an order related

17   to discovery).)  Ms. Ford asserted that the Alger Defendants failed to respond to certain

18   interrogatories, instead raising objections despite the court previously ordering that the

19   Alger Defendants had waived objections.  (12/4/23 Min. Order at 1-2.)  The court ordered

20   the Alger Defendants and Mr. Al-Bustani to file letters setting forth their respective

21   positions by no later than December 8, 2023.  (*Id.* at 2.)  Rather than filing letters,

22   however, Mr. Al-Bustani and the Alger Defendants filed a stipulation stating that

1   "[c]ounsel have agreed to avoid further process in exchange for a commitment by the

2   [Alger Defendants] to provide complete responses to [Mr. Al-Bustani]'s outstanding

3   interrogatories on December 11, 2023." (Stip. (Dkt. # 128).)  Meanwhile, Mr. Al-Bustani

4   sought and received a trial continuance based on the Alger Defendants' lengthy delay in

5   responding to discovery. (*See generally* Mot. to Cont. (Dkt. # 129); 1/11/24 Order (Dkt.

6   # 136).)

7          On December 18, 2023, Ms. Ford again contacted the court, this time stating her

8   desire to seek sanctions because the Alger Defendants continued to object to Mr.

9   Al-Bustani's interrogatories and still had not provided complete answers. (12/21/23

10  Order (Dkt. # 132) at 2.)  Ms. Ford further alleged that the Alger Defendants failed to

11  produce complete, legible, and Bates-labeled documents in response to Mr. Al-Bustani's

12  RFPs and failed to remit payment of attorney's fees as required by the court's October

13  25, 2023 order. (*Id.*; *see also* 10/25/23 Order at 8-9.)  On December 21, 2023, the court

14  entered an order directing Mr. Al-Bustani to "provide the Alger Defendants a list of

15  documents that he asserts are not complete and/or legible by no later than January 5,

16  2024." (12/21/23 Order at 3.)  The court ordered the Alger Defendants to:  (1) "provide

17  complete and legible copies of the deficient documents identified by Mr. Al-Bustani,

18  without objection, by no later than January 12, 2024," (2) "provide full and complete

19  responses, without objection, to Mr. Al-Bustani's interrogatories by no later than January

20  5, 2024," and (3) "remit payment of $2,246.00 to Ms. Ford by no later than January 12,

21  2024." (*Id.* at 3; *see also id.* at 2 (noting that the court already "ruled that the Alger

22  Defendants ha[d] waived objections" to the discovery requests (citing 9/22/23 Min.

ORDER - 4

1  Entry)).)  In addition, the court granted Mr. Al-Bustani leave to file a motion for

2  sanctions "in the event that the Alger Defendants fail[ed] to fully comply with this

3  order." (*Id.* at 3.)  The court warned the Alger Defendants that "failure to fully comply

4  with [the court's December 21, 2023 order] may result in sanctions up to and including

5  the entry of default in Mr. Al-Bustani's favor." (*Id.*)

6        Ms. Ford provided Mr. Hayton a list of deficient documents on January 19, 2024,

7  and requested that he produce responsive documents by January 26, 2024.  (Sanctions

8  Mot. at 5 n.1; 1st Ford Decl. (Dkt. # 139) ¶ 4.)  Mr. Al-Bustani then filed the instant

9  motion for case-dispositive sanctions on January 23, 2024.  (*See generally* Sanctions

10  Mot.)  Although Ms. Ford received a check from opposing counsel for the full amount of

11  attorney's fees owed, Mr. Al-Bustani asserted that he still had not received complete

12  interrogatory responses.  (*Id.* at 4-5; 1st Ford Decl. ¶ 2.)  Ms. Ford later filed a

13  supplemental declaration stating that she received supplemental interrogatory answers

14  and RFP responses on February 8, 2024, but that the answers and responses were still

15  deficient.  (2d Ford Decl. (Dkt. # 146) ¶¶ 2-3 (explaining, for example, that the Alger

16  Defendants refused to provide requested login information to their social media

17  accounts).)  Mr. Al-Bustani asks the court to enter default against the Alger Defendants

18  as a sanction for failing to obey the court's discovery orders.  (*See* Sanctions Mot. at 5,

19  7.)  The Alger Defendants did not respond to Mr. Al-Bustani's motion.  (*See generally*

20  Dkt.)

21  //

22  //

1

### III.   ANALYSIS

2       The Federal Rules of Civil Procedure authorize the court to impose

3   case-dispositive sanctions against a party who fails to "to obey an order to provide or

4   permit discovery."  Fed. R. Civ. P. 37(b)(2)(A).  "By the very nature of its language,

5   sanctions imposed under Rule 37 must be left to the sound discretion of the trial judge."

6   *O'Connell v. Fernandez-Pol*, 542 F. App'x 546, 547-48 (9th Cir. 2013) (citing *Craig v.*

7   *Far W. Eng'g Co.*, 265 F.2d 251, 260 (9th Cir. 1959)).[3]

8       "In the Ninth Circuit, sanctions are appropriate only in 'extreme circumstances'

9   and where the violation is due to 'willfulness, bad faith, or fault of the party.'"  *Fair*

10  *Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002) (quoting *United States v.*

11  *Kahaluu Constr. Co.*, 857 F.2d 600, 603 (9th Cir. 1988)).  If the court finds willful or bad

12  faith conduct, it then considers five factors to determine whether case-dispositive

13  sanctions are appropriate:  "(1) the public's interest in expeditious resolution of litigation;

14  (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking

15  sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the

16  availability of less drastic sanctions."  *Conn. Gen. Life Ins. Co. v. New Images of Beverly*

17  *Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906,

18  912 (9th Cir. 2003)).  The first two factors always favor case-dispositive sanctions, while

19  the fourth factor always weighs against default.  *Bd. of Trs. of the Wash. Meat Indus.*

20

21       [3] District courts also have "inherent power to control their dockets" and may "impose

22   sanctions including, where appropriate, default or dismissal."  *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam).

1   *Pension Tr. v. Hammond Food*, No. C13-0474JLR, 2014 WL 2000351, at *2 (W.D.

2   Wash. May 15, 2014) (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th

3   Cir. 1990)).  The court will first determine whether the Alger Defendants violated

4   discovery orders before assessing whether those violations were willful and whether the

5   five factors support imposing case-dispositive sanctions in this instance.

6   **A.    The Alger Defendants Violated the Court's Discovery Orders**

7          The Alger Defendants violated two of this court's discovery orders.  On

8   September 22, 2023, the court ordered the Alger Defendants to respond to Mr.

9   Al-Bustani's discovery requests by no later than October 6, 2023.  (9/22/23 Min. Entry.)

10  They failed to do so.  (*See* 12/4/23 Min. Order at 1; Stip.)  The court issued another order

11  on December 21, 2023, directing the Alger Defendants to fully and completely respond,

12  without objection, to the same outstanding discovery requests.  (12/21/23 Order at 3.)  To

13  date, the Alger Defendants still have not provided complete answers and responses

14  without objection.  (Sanctions Mot. at 4-5; 1st Ford Decl. ¶ 2; 2d Ford Decl. ¶¶ 2-3.)  The

15  court therefore concludes that the Alger Defendants violated the discovery orders it

16  issued on September 22, 2023, and December 21, 2023.

17  **B.    The Alger Defendants Acted Willfully and in Bad Faith**

18         Having concluded that the Alger Defendants violated the discovery orders, the

19  court must determine whether their violations of those orders were willful.  "Disobedient

20  conduct not outside the control of the litigant is all that is required to demonstrate

21  willfulness, bad faith or fault."  *Hammond Food*, 2014 WL 2000351, at *1 (citing *Henry*

22  *v. Gill Indus., Inc.*, 983 F.2d 943, 948-49 (9th Cir. 1993)).

Approximately eleven months have elapsed since Mr. Al-Bustani served his first discovery requests. There is no good faith justification for failing to adequately respond in that time. The Alger Defendants have only once provided any explanation for their failure to respond—over five months ago, in their September 18, 2023 letter regarding Mr. Al-Bustani's motion to compel, in which their counsel explained that he had been unaware of outstanding discovery requests as he had "missed" electronic service of them. (9/18/23 Resp. at 1 & n.1.) That excuse is wholly inadequate. And the Alger Defendants do not explain their continued failure to fully and completely respond in the time since then, despite multiple court orders directing them to do so. The Alger Defendants even stipulated to provide complete interrogatory answers, but then failed to abide by their own stipulation. (*See* Stip.; 12/21/23 Order at 2.) Such conduct reflects flagrant disregard for the Alger Defendants' discovery obligations under the Federal Rules of Civil Procedure and for the orderly administration of justice. Accordingly, the court has no trouble concluding that the Alger Defendants acted willfully and in bad faith in violating multiple discovery orders.

**C.      Case-Dispositive Sanctions Are Warranted**

Having found that the Alger Defendants willfully violated the discovery orders, the court must now consider the five-factor test for determining whether case-dispositive sanctions are warranted.

> Where a court order is violated, the first two factors [the public's interest in expeditious resolution of litigation and the court's need to manage its docket] support sanctions and the fourth factor [the public policy favoring disposition of cases on their merits] cuts against a default. Therefore, it is the third and

fifth factors [the risk of prejudice to the party seeking sanctions and the availability of less drastic sanctions] that are decisive.

*Hammond Food*, 2014 WL 2000351, at *2 (quoting *Adriana Int'l*, 913 F.2d at 1412 (insertions added in *Hammond Food*)).  The court concludes that the third and fifth factors favor entry of default.

A party suffers prejudice if the opposing party's actions "impair [his] ability to go to trial or threaten to interfere with the rightful decision of the case."  *Adriana Int'l*, 913 F.2d at 1412 (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). "[F]ailure to comply with an order to produce specific discovery materials creates a sufficient risk of prejudice to satisfy this factor."  *Transam. Life Ins. Co. v. Arutyunyan*, --- F.4th ----, 2024 WL 719045, at *19 (9th Cir. Feb. 22, 2024) (rejecting argument that failure to produce social media passwords in discovery was trivial to the case and holding that such failure created sufficient prejudice under the circumstances). Here, the Alger Defendants' failure to produce complete and legible documents or otherwise cooperate in discovery—for example, by refusing to provide social media logins (2d Ford Decl. ¶ 3)—has prevented Mr. Al-Bustani from obtaining information about the Alger Defendants' alleged role in perpetuating false rumors online about Ms. Twyman's death and in misappropriating her likeness and copyrighted works.  Mr. Al-Bustani already sought and received a trial continuance based on the Alger Defendants' delay and evasiveness in discovery matters.  (*See* 1/11/24 Order at 1-2 & n.1.)  Now having failed to cure their deficient discovery responses, and having failed to respond to the instant motion, it is clear that the Alger Defendants do not intend to

1  provide the requested documents or information at any point and that Mr. Al-Bustani

2  faces prejudice as a result.

3        The fifth factor—the availability of less drastic sanctions—has three subparts:

4  "whether the court has considered lesser sanctions, whether it tried them, and whether it

5  warned the recalcitrant party about the possibility of case-dispositive sanctions."

6  *Hammond Food*, 2014 WL 2000351, at *3 (quoting *Conn. Gen. Life Ins. Co.*, 482 F.3d at

7  1096).  Here, the court considered and tried lesser sanctions when it ordered the Alger

8  Defendants to pay Mr. Al-Bustani $2,246.00 in attorney's fees and costs pursuant to

9  Federal Rule of Civil Procedure 37(a)(5).  (9/22/23 Min. Entry; 10/25/23 Min. Order at

10  4-5, 8-9.)  Although the Alger Defendants eventually paid that sanction, they nonetheless

11  flouted court orders after being sanctioned by continuing to raising objections and

12  resisting discovery.  The court has also warned the Alger Defendants that failure to

13  cooperate with discovery and to obey the court's orders could result in entry of default in

14  Mr. Al-Bustani's favor.  (*See* 12/21/23 Order at 3.)  Accordingly, the court concludes that

15  lesser sanctions have been and will continue to be unsuccessful at motivating the Alger

16  Defendants to comply with the court's orders and to cooperate with discovery.  Because

17  four out of the five factors support the issuance of case-dispositive sanctions, the court

18  GRANTS Mr. Al-Bustani's motion for sanctions and entry of default.

19  //

20  //

21  //

22  //

ORDER - 10

1

### IV.   CONCLUSION

2

  For the foregoing reasons, the court GRANTS Mr. Al-Bustani's motion for

3

sanctions and entry of default (Dkt. # 138).  The Clerk is DIRECTED to enter default

4

against Defendants Sean B. Alger and S.B. Alger Studio Productions LLC.

5

  Dated this 26th day of February, 2024.

6

               _____

7

               JAMES L. ROBART
               United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22