UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AL-HARETH AL-BUSTANI,<br><br>              Plaintiff,<br>     v.<br><br>SEAN B. ALGER, et al.,<br><br>              Defendants. | CASE NO. C22-5238JLR<br><br>ORDER |

Before the court is Plaintiff Al-Hareth Al-Bustani's motion for default judgment. (Mot. (Dkt. # 149).) No party opposes the motion. (*See generally* Dkt.) For the reasons set forth below, the court ORDERS Mr. Al-Bustani to file supplemental briefing.

Default judgment is a "two-step process," comprising (1) the Clerk's entry of default, followed by (2) the court's entry of default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *see also* Fed. R. Civ. P. 55(a)-(b). In determining whether to enter default judgment, the court must consider seven factors (the "*Eitel* factors"), including the sufficiency of the plaintiff's claims. *Eitel*, 782 F.2d at 1471-72. In this

ORDER - 1

case, Mr. Al-Bustani has asserted numerous claims against numerous defendants. (*See generally* SAC (Dkt. # 94).) As to Defendant S.B. Alger Studio Productions LLC ("Alger Studio Productions"), Mr. Al-Bustani raises claims of vicarious copyright infringement and intentional and negligent infliction of emotional distress. (*Id.* at 16, 20-21.) On February 28, 2024, the Clerk entered default against Alger Studio Productions. (2/28/24 Default Entry (Dkt. # 148).) Mr. Al-Bustani now moves the court for entry of default judgment as to multiple defendants. (Mot. at 1.) The problem the court has confronted, however, is the lack of clarity as to the scope of Mr. Al-Bustani's requested relief. Specifically, it is unclear to the court whether Mr. Al-Bustani intends to move for default judgment on his claims against Alger Studio Productions.

On one hand, Mr. Al-Bustani repeatedly references Alger Studio Productions in the body of his motion for default judgment (*id.* at 2 (identifying Alger Studio Productions and Defendant Sean B. Alger together as the "Alger Defendants"); *id.* at 7-10, 12 (arguing the Alger Defendants' conduct supports entry of default judgment)), and in his declaration (Al-Bustani Decl. (Dkt. # 150) ¶ 1). Mr. Al-Bustani also notes that he "does not seek a default judgment on the Third or Fourth Claims for Relief" which, by implication, suggests that he *does* seek default judgment on his other claims, including his vicarious copyright infringement and emotional distress claims against Alger Studio Productions. (Mot. at 3 n.1; *see also* SAC at 16-22.)

On the other hand, Mr. Al-Bustani does not specifically request default judgment against Alger Studio Productions in his motion. (*See* Mot. at 1-2, 13-14.) Moreover, Mr. Al-Bustani makes no argument whatsoever concerning *vicarious* copyright infringement,

ORDER - 2

instead raising arguments concerning *direct* copyright infringement—a claim that he asserts against numerous defendants, none of whom include Alger Studio Productions. (*See generally id.* (no mention of "vicarious" copyright infringement); *id.* at 5-6 (discussing elements of direct copyright infringement); *see also* SAC at 15-16 (setting forth Mr. Al-Bustani's various copyright claims).) In addition, Mr. Al-Bustani's arguments concerning intentional and negligent infliction of emotional distress are not particularized to any specific defendant (*see id.* at 7 (vaguely describing "Defendants'" conduct as "extreme and outrageous")). Thus, Mr. Al-Bustani has not strictly complied with the requirement that motions must "state the relief sought," Fed. R. Civ. P. 7(b)(1)(C), and the court is unable to otherwise discern under the circumstances whether Mr. Al-Bustani seeks default judgment on his claims against Alger Studio Productions.

For these reasons, the court ORDERS Mr. Al-Bustani to, by no later than **Friday, May 31, 2024**, file a supplemental brief (1) informing the court whether he intends to move for default judgment against Alger Studio Productions and, if he does seek such relief, (2) addressing the *Eitel* factors as applied to Alger Studio Productions. Mr. Al-Bustani's supplemental brief shall be limited to 1,500 words in length. The Clerk is DIRECTED to re-note Mr. Al-Bustani's motion for default judgment (Dkt. # 149) for May 31, 2024.

Dated this 23rd day of May, 2024.

JAMES L. ROBART
United States District Judge